WINNINGHAM ET AL. *v.* THE STATE, EX REL. GAPEN ET AL.

CONSTABLE.—*Suit on Bond.*—*False Return.*—*Former Recovery.*—*Pleading.*— In an action upon the official bond of a constable, for making a false return on an execution, an answer averring a former recovery upon the same bond, in an action thereon for failing to make a return of such execution, is insufficient.

SAME.—*Approval of Bond.*—*County Clerk.*—A paragraph of answer in such action, alleging the bond in suit to be void for want of authority to approve such bond, in the county clerk who had approved it, but without alleging facts showing such want of authority, is insufficient.

SAME.—Clerks of circuit courts have authority to approve the additional official bonds of constables.

From the Boone Circuit Court.

*G. H. Goodwin*, for appellants.

*R. W. Harrison* and *T. J. Terhune*, for appellee.

PERKINS, C. J.—Suit against a constable and his sureties, on the official bond of the constable. Breach,—the making of a false return.

Answer in three paragraphs.

First. General denial;

Second. Former recovery; and,

Third. That the bond sued on was void.

The court sustained a demurrer to the second and third paragraphs of answer. Trial upon the general issue. Judgment for the plaintiff for four hundred and six dollars and sixteen cents. A motion for a new trial was denied.

The evidence on the trial sustains the finding of the court. A false return was made upon executions on two judgments, whereby the plaintiff therein lost the benefit of them. The statute enacts, (2 R. S. 1876, p. 652, sec. 9,) that "Any constable who shall make any false return of any writ, or who shall fail to return the same at the return day thereof, or who shall fail to discharge any duties incumbent on him by law, shall, with his sure-

ties, be liable on his bond to the person injured, to the extent of the injury, with ten per cent. damages thereon."

The judgment in this case was rendered in accordance with the foregoing section. The court did not err in sustaining the demurrer to the second paragraph of answer. It alleged a former adjudication in a suit upon the same bond, in favor of the defendant to this suit, but shows that the issue in that suit was not the same as in this. In the former suit, the breach alleged was a failure to make a return to the executions. In this suit, the breach alleged is the making of false returns, viz.: that he had searched for and could find no property subject to execution, when, in truth, he had not searched for property; and that, if he had, he could have found more than a sufficiency to satisfy the executions, but which property was afterward disposed of, so that plaintiffs lost their demands. The issues in the two cases were not the same, and, hence, the former judgment was no bar to this suit.

The court did not err in sustaining the demurrer to the third paragraph of answer. That paragraph averred that the bond was void, that the clerk had no power to approve, but alleged no facts sufficient to show the correctness of the conclusions averred in this paragraph of answer. But, we may remark, if counsel will peruse the legislation on the subject of official bonds, contained in 1 R. S. 1876, between pages 189 and 195, inclusive, he will discover that additional official bonds may be taken, in proper cases, and that clerks of circuit courts may approve them, though it is not averred that the bond in this case is such.

The judgment below is affirmed, with costs